UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANKIE L. BELFORD,

                Plaintiff,

v.                                Case No. 3:15-cv-878-J-34PDB

DR. C. GONZALEZ,

                Defendant.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Frankie L. Belford, an inmate of the Florida penal system who is incarcerated at the Reception and Medical Center (RMC) in Lake Butler, Florida, initiated this action on July 15, 2015, by filing a pro se Civil Rights Complaint (Doc. 1) under 42 U.S.C. § 1983 with exhibits (P. Ex.). Belford filed an Amended Complaint (Doc. 5) on November 24, 2015. In the Amended Complaint, he names Dr. C. Gonzalez, the "primary physician" and Chief Health Officer at Columbia Correctional Institution (CCI), as the Defendant. He asserts that Dr. Gonzalez's conduct "amounts to negligence" because he failed to properly treat Plaintiff's hernia. Complaint at 2. As relief, Belford seeks compensatory and punitive damages and requests that the Court direct Dr. Gonzalez to send Belford for "emergency surgery" for his "ongoing hernia issue." Id. at 2-3.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can

be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d

1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman, 739 F.2d 553, 556-57 (11th Cir. 1984). "Moreover, 'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendant.

As to any complaints about Defendant's negligent acts and unprofessional conduct in providing substandard medical care, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the

3

protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). A complaint that a physician has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (quotation marks and citation omitted). While Plaintiff's allegations may suggest medical malpractice, "[a]ccidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'" Harris v. Coweta Cty., 21 F.3d 388, 393 (11th Cir. 1994) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Consequently, the allegedly negligent conduct of which Belford complains does not rise to the level of a federal constitutional violation and provides no basis for relief in this 42 U.S.C. § 1983 action.

Belford's allegations center upon negligence and alleged malpractice. He asserts that Dr. Gonzalez "has neglectfully denied the medical treatment including a surgery for a growing hernia inside [his] abdomen area." Complaint at 2. The United States Supreme Court has stated:

> [T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most[,] it is medical malpractice, and as such the proper forum is the state court . . . .

4

Estelle, 429 U.S. at 107; Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[T]he question of whether [defendants] should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment."); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the [inmate's] diagnosis or course of treatment support a claim of cruel and unusual punishment.").

To the extent that Belford asserts that the Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment, the Eleventh Circuit has explained the requirements for an Eighth Amendment violation.

> "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones . . . ." Farmer, 511 U.S. at 832, 114 S.Ct. at 1976 (internal quotation and citation omitted).[1] Thus, in its prohibition of "cruel and unusual punishments," the Eighth Amendment requires that prison officials provide humane conditions of confinement. Id. However, as noted above, only those conditions which objectively amount to an "extreme deprivation" violating contemporary standards of decency are subject to Eighth Amendment scrutiny. Hudson, 503 U.S. at 8-9, 112 S.Ct. at 1000.[2] Furthermore, it is only a prison official's

---

[1] Farmer v. Brennan, 511 U.S. 825 (1994).

[2] Hudson v. McMillian, 503 U.S. 1 (1992).

> subjective deliberate indifference to the substantial risk of serious harm caused by such conditions that gives rise to an Eighth Amendment violation. Farmer, 511 U.S. at 828, 114 S.Ct. at 1974 (quotation and citation omitted); Wilson, 501 U.S. at 303, 111 S.Ct. at 2327.[3]

Thomas v. Bryant, 614 F.3d 1288, 1306-07 (11th Cir. 2010).

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)). First, the plaintiff must satisfy the objective component by showing that he had a serious medical need. Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007).

> "A serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). In either case, "the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." Id. (citation and internal quotations marks omitted).

Brown, 387 F.3d at 1351.

Next, the plaintiff must satisfy the subjective component, which requires the plaintiff to "allege that the prison official, at a minimum, acted with a state of mind that constituted

---

[3] Wilson v. Seiter, 501 U.S. 294 (1991).

deliberate indifference." Richardson, 598 F.3d at 737 (setting forth the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.") (citing Farrow, 320 F.3d at 1245).

> In Estelle[4], the Supreme Court established that "deliberate indifference" entails more than mere negligence. Estelle, 429 U.S. at 106, 97 S.Ct. 285; Farmer, 511 U.S. at 835, 114 S.Ct. 1970. The Supreme Court clarified the "deliberate indifference" standard in Farmer by holding that a prison official cannot be found deliberately indifferent under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. 1970 (emphasis added). In interpreting Farmer and Estelle, this Court explained in McElligott[5] that "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott, 182 F.3d at 1255; Taylor,[6] 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need").

---

[4] Estelle v. Gamble, 429 U.S. 97 (1976).

[5] McElligott v. Foley, 182 F.3d 1248 (11th Cir. 1999).

[6] Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000).

<u>Farrow</u>, 320 F.3d at 1245-46. Belford has not alleged facts sufficient to state a claim under the Eighth Amendment in that he has not shown that the Defendant was deliberately indifferent to his serious medical needs.

To the extent that Belford desires to by-pass the sick call procedures for which he has incurred copayments, he must follow the guidelines and procedures of the Florida Department of Corrections (FDOC). <u>See</u> Fla. Stat. § 945.6037(1)(a) ("For each nonemergency visit by an inmate to a health care provider which is initiated by the inmate, the inmate must make a copayment of $5."); P. Ex. at Doc. 1-1 at 4, Response, dated April 15, 2015. The FDOC may waive all or part of the copayment for an inmate's visit to a health care provider if a health care provider initiated the care or if the health care involves routine follow-up care. <u>See</u> Fla. Stat. § 945.6037(1)(d)4. To the extent that Belford seeks a surgical consultation or an appointment with a specialist, he may contact the RMC medical staff or his classification supervisor.

For the foregoing reasons, this case will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to Belford's right to refile his claim under 42 U.S.C. § 1983 with sufficient factual allegations to support a claim under § 1983, if he elects to do so. The Clerk of Court will be directed to provide a civil rights complaint form and Affidavit of Indigency form to Belford. If Belford chooses to refile a civil rights complaint in

this Court to address any alleged federal constitutional violations, he must submit a fully completed civil rights complaint form with an original signature[7] and must submit a copy of the form for each Defendant for service of process. Moreover, Belford must either pay the $400.00 filing fee or file a fully completed Affidavit of Indigency form.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to refile on the proper forms, if he elects to do so.

2. The Clerk of Court shall enter judgment dismissing this case without prejudice.

3. The Clerk shall send a civil rights complaint form, "Prisoner Consent Form and Financial Certificate" and an Affidavit of Indigency form to Plaintiff. If he elects to refile his claims, he may complete and submit the proper forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In initiating such a case, Plaintiff should either file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" (if he desires to proceed as a pauper) or

---

[7] Belford failed to sign the Amended Complaint (Doc. 5).

pay the $400.00 filing fee (if he does not desire to proceed as a pauper).

    4.   The Clerk shall terminate any pending motions and close the case.

    **DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of May, 2016.

                                                       *Marcia Morales Howard*
                                                     MARCIA MORALES HOWARD
                                                     United States District Judge

sc 4/29
c:
Frankie L. Belford, FDOC #827880